## El Pueblo v. Parson.

Apelación procedente de la Corte de Distrito de San Juan.

No. 57.—Resuelto en abril 20, 1904.

Pruebas—Cuestiones de Hecho y de Derecho.—Al jurado compete la resolución de las cuestiones de hechos, y al tribunal, las de derecho, siendo el primero el único que puede declarar si hay prueba suficiente para declarar culpable al acusado.

ID.—NUEVO JUICIO—PLIEGO DE EXCEPCIONES.—En los casos en que el veredicto sea contrario a derecho o a las pruebas, deberá concederse un nuevo juicio; mas en este caso es necesario probar, mediante un pliego de excepciones, que la declaratoria de culpabilidad es manifiestamente injusta, no siendo suficiente probar que el jurado cometió error al dar mayor valor a unos elementos probatorios que a otros.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Juan R. Ramos.*

Abogado del apelado: *Sr. del Toro, Fiscal.*

EL JUEZ ASOCIADO SR. HERNÁNDEZ, emitió la siguiente opinión del tribunal:

El caso sometido a la decisión de esta Corte Suprema, es un recurso de apelación interpuesto por Felipe Parson contra sentencia del Tribunal de Distrito de San Juan que le condena a siete años de presidio con trabajos forzados y las costas. El apelante fué acusado en seis de agosto del año próximo pasado por el Fiscal del Distrito de San Juan, como autor del delito de homicidio, comprendido en el número 1 del artículo 203 del Código Penal, cometido en la siguiente forma:

"En la tarde del día 17 de junio de 1903 y en la casa de Agustina (*) García, sita en el barrio de Guzmán Abajo de Río Grande correspondiente a este distrito judicial, se encontraban reunidos Venancio Gutiérrez, Eustaquio Nieves y Felipe Parson, promoviéndose al cabo de un rato una disputa entre Nieves y Parson y profiriéndose recíprocamente palabras injuriosas. Como consecuencia de esta disputa se acometieron con las armas que portaron, resultando ambos contendientes gravemente heridos, y falleciendo Eustaquio Nieves a los ocho días como consecuencia de las heridas que recibiera. Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad de El Pueblo de Puerto Rico."

El reo Felipe Parson negó la acusación y pidió juicio por jurado, el cual tuvo lugar en 26 de octubre último, practicándose las pruebas propuestas por ambas partes, en vista de las cuales pronunció el jurado veredicto de culpabilidad. Preguntado el acusado si tenía algún motivo que alegar para que no se dictara sentencia con arreglo al veredicto, su letrado de-

fensor presentó escrito interesando la celebración de un nuevo juicio, ante otro jurado, a lo que le autorizaba el número 6 del artículo 301 del Código de Enjuiciamiento Criminal, a cuyo fin alegó como razones las que se transcriben a continuación:

"1°. Porque el veredicto es contrario a derecho, desde luego que sin haber un solo testigo de evidencia, en los momentos de empezar la lucha entre el acusado y el interfecto, se ha aceptado que la agresión partió del acusado.

"2°. Porque habiéndose demostrado que el interfecto llamó al acusado al pasar por frente a la casa de Agustina García, en los momentos en que ésta le servía la comida a Eustaquio Nieves Cruz, que oyó cuando llamó al acusado, que se detuvo a la llamada.

"3°. Porque el machete del acusado, que examinó el jurado, presenta seis cortes en sus filos, producidos por otra arma igual lo que demuestra que hubo lucha y el acusado se defendió, amparándose con su machete después de estar herido sobre la clavícula del brazo izquierdo.

"4°. Porque una vez en tierra el interfecto por efecto de las heridas, el acusado lo abandonó y corrió tras de llamar en su auxilio (*) a su compadre Antonio Caraballo, que corrió hacia él acompañado de otro, que fué el que lo declaró en el juicio y cuyo nombre no recuerdo.

"5°. Porque la declaración facultativa dice que las heridas que el acusado produjo al interfecto no eran mortales por necesidad y todas fueron causadas de frente y estando ambos de pie; ocurriendo la muerte del lesionado a los ocho días, por complicaciones atmosféricas con la herida de la cabeza. Cuyas pruebas fueron apreciadas por el jurado erróneamente, incurriendo en el error de derecho de no haber apreciado la exención de responsabilidad de haber obrado en defensa propia el acusado, que debió inducirlo a pronunciar un veredicto de inocencia, siquiera sea por las dudas robustas que surgieron en su ánimo, por lo que se infringieron los artículos 52, 54, 207, No. 2, 209, No. 3, 211 del Código Penal, y 236 del de Enjuiciamiento Criminal."

El juez de derecho denegó la moción del acusado por basarse en materia que era propia de la consideración del jurado, el cual la había tenido ya en cuenta al pronunciar el veredicto, sin que existiera en aquella moción motivo bastante para desestimar tal veredicto, a cuya resolución opuso excepción el

abogado del Felipe Parson; y el tribunal, estimando probado que el acusado y Eustaquio Nieves, tuvieron una lucha con machete, de la que resultó el segundo con una herida en la cabeza y seis heridas más, muriendo ocho días después, a consecuencia de la primera herida, por complicación resultante de inflamación en la masa encefálica, habiendo declarado Parson que el difunto le atacó y él siguió defendiéndose legítimamente sin que explicara el motivo de tal ataque, condenó a dicho Parson a siete años de presidio con trabajos forzados y costas, por sentencia dictada en 29 de octubre ya citado.   Contra la denegatoria de la celebración de nuevo juicio, y contra la sentencia pronunciada, interpuso el acusado recurso de apelación, que le fué admitido, y elevadas a esta Corte Suprema las copias prevenidas por la ley, se tramitó el recurso con la sola intervención del Ministerio Fiscal, por no haberse presentado declaración (*) jurada de su insolvencia, según ordenó este tribunal en providencia de 12 de febrero último, habiendo solicitado dicho Ministerio Fiscal se declarase sin lugar el recurso, con las costas al apelante.

El Tribunal de San Juan procedió con arreglo a derecho, denegando la celebración de un nuevo juicio, pues conforme al artículo 265 del Código de Enjuiciamiento Criminal, en todo juicio por cualquier delito, fuera de libelo infamatorio, las cuestiones de derecho se resolverán por el tribunal, y las de hecho, por el jurado, y éste, por tanto, es el único que puede determinar si hay prueba suficiente para declarar culpable al acusado, lo cual no impide que pueda concederse un nuevo juicio cuando el veredicto fuere contrario a derecho o a las pruebas; pero para ello sería necesario que se alegara y probara, mediante el correspondiente pliego de excepciones, que la declaratoria de culpabilidad era abiertamente injusta, y nunca sería bastante alegar y aun probar cuando hay diferentes elementos probatorios, que el jurado se había equivocado por dar mayor valor a unos elementos que a otros.   En el presente juicio, el jurado no procedió contra derecho ni

contra las pruebas practicadas al dar su veredicto de culpabilidad, pues el acusado confesó que por haberle atacado el interfecto, tuvo que defenderse legítimamente, pero no explicó el motivo del ataque ni hubo testigo alguno que expresamente declarara en apoyo de su exculpación, no resultando, por tanto, justificable o excusable el homicidio. No procediendo, como no procede, la celebración de un nuevo juicio, el tribunal de derecho se ajustó a ley imponiendo a Felipe Parson, declarado culpable por el jurado, la pena de siete años de presidio, dentro del término máximo de diez años, con que el Código Penal, en su artículo 204, castiga el delito de homicidio. Por las razones expuestas, procede denegar la celebración de un nuevo juicio, y confirmar la sentencia apelada con las costas al apelante.

*Confirmada.*(*)

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Figueras, Sulzbacher y MacLeary.